## CIRCUIT COURT OF LOUDOUN COUNTY

William L. Bryant, Trustee

    v.

Nevin A. Neff et al.

### Case No. (Chancery) 11731

By JUDGE THOMAS D. HORNE

December 26, 1989

William L. Bryant, Trustee, has filed the instant Bill of Complaint in which he seeks specific performance of a contract for the sale of approximately twelve acres of improved real estate in Loudoun County. The contract is dated May 2, 1986, and is signed by the complainant both in his trust capacity and individually as agent. The contract contains the following clause:

> Whereas, the purchaser, William L. Bryant, acting as trustee-purchaser herein for beneficiaries, is also serving a dual role as a licensed Virginia real estate broker/agent for the purchaser; receiving a commission as set forth herein below from the proceeds of the sale, this disclosure is made to avoid any and all types of possible conflicts of interest. All parties agree that Bryant may act in these dual rol(es). Bryant is advancing his own personal funds to serve as the deposit as provided herein on page 1. This disclosure is made prior to the ratification of this contract by the seller(s).

In accordance with the terms of the contract, William L. Bryant, t/a Bill Bryant Real Estate, Inc., as agent,

is to receive a sales commission of six percent of the sales price payable at settlement in cash. Subsequent to the execution of the contract, it was determined in a separate chancery cause that Mrs. Neff owned only a 46/48ths interest in the property. Since that determination, Bryant has acquired the remaining 2/48ths interest. Mrs. Neff is now deceased, and Mr. Neff is a named defendant, both individually and as executor of his wife's estate.

In his defense of this action, defendant has raised issues of breach by complainant, lack of mutuality, lack of a valid tender by complainant, and failure to perform. These issues will not be addressed by the Court in light of the action it will take with respect to the allegations of agency and fraud raised in the Grounds of Defense and Amended Cross-Bill.

Complainant seeks specific performance of the May 2, 1986, sales contract. The Court finds under the facts of this case that William L. Bryant, Broker, t/a Bill Bryant Real Estate, Inc., acted in the capacity of agent for both the buyer and the seller in the sale of this property.

Mr. Bryant initially approached Mr. Neff concerning the sale of his wife's property. While Bryant never met Mrs. Neff, he negotiated a sales price of $50,000.00 through her husband. As part of these negotiations, the parties agreed upon a commission to be paid to Mr. Bryant. Mr. Neff testified that he thought Mr. Bryant was the seller's representative in negotiating the sale. The evidence supports the reasonableness of this conclusion. In addition to the express language of the contract which includes a vague and misleading disclaimer, the Court finds such an agency relationship to have been proven to have existed both in fact and by implication. *See, Chandler v. Kelley*, 149 Va. 221 (1928).

As agent for both seller and buyer, Mr. Bryant was under a fiduciary obligation to render loyal service to both parties. *Price v. Martin*, 207 Va. 86 (1966). This includes an obligation to make a complete disclosure of all of the facts concerning his interest in the property which he, as trustee, had contracted to purchase. *Halsey v. Monteiro*, 92 Va. 581 (1896). The disclaimer fell far short of that responsibility. As counsel for defendants have argued, the evidence clearly shows that Mr. Bryant

was acquiring the property for himself. At the time of the execution of the contract, there were no other beneficiaries of the trust. Any participation by others in the trust was only to be anticipated. Mr. Bryant was the only individual who stood to benefit from the contract when it was executed. He was under an affirmative duty to make a full and complete disclosure of the nature of the trust and of his interest. This he did not do.

Complainant herein seeks specific performance of the contract of May 2, 1986. As the Court observed in *Halsey, supra*:

> The specific performance of a contract is not a matter of absolute right but rests in a sound, judicial discretion. This is a principle of equity jurisprudence settled by a long course of decisions. The contract, to be specifically enforced, must be equitable and free from fraud, misapprehension, or mistake. *Halsey, supra*, 558.

Under the facts of this case, it would be inequitable to grant specific performance of the contract. Accordingly, the Bill will be dismissed. In that the evidence supports a finding that the failure to disclose constituted a constructive fraud upon the Neffs, the cross-complainants are entitled to rescission of the contract.

Mr. Murtaugh may draw a Final Decree consistent with this opinion denying the request for specific performance and dismissing the Bill to which Mr. Ross may note his exception. The Decree should provide for the return of the deposit to the complainant.

March 2, 1990

An agency has been defined as:

> the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and the agreement by the other so to act. *Allen v. Lindstrom*, 237 Va. 489 (1989) (authorities omitted).

The contract of employment creating the relationship of principal and agent may be either expressed or implied. *See generally*, 1A M.J., *Agency*, Section 12. Thus, the relationship of the parties is not dependent upon what it is called but what the law considers it to be. *Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 492 (1975) (authorities omitted).

In the instant case, the facts clearly justify a finding that Mr. Bryant was the agent of the sellers under the purchase contract. To the extent that the "Disclaimer" and the agency provisions of the contract create an ambiguity in the express terms of the contract defining the nature of the relationship of Mr. Bryant and Sellers, an agency is, in any event, clearly to be implied from the actions of the parties *inter se*. Among other things, the evidence indicates the following:

1. That William L. Bryant has been a real estate broker since 1962.

2. That Bryant became aware of the Neff property, which is the subject of the instant cause of action, through the tax records of Loudoun County. He had searched these records himself.

3. That Mr. Neff and Mr. Bryant first met in 1986. On this occasion, Mr. Neff met Bryant on the road adjacent to the driveway leading to the Neff home.

4. That on the occasion of their first meeting, Mr. Bryant asked Mr. Neff if his wife was interested in selling "the place" and if she would take $40,000.00 an acre. In addition, when Mr. Neff inquired about a commission, Bryant said, "Don't be hard on me."

5. That at the time offers to purchase were initiated by Mr. Bryant, Mrs. Neff was in poor physical condition.

6. That after discussing this conversation with his wife on the following day, Mr. Neff called Mr. Bryant and rejected the offer of $40,000.00. This call was in response to the request by Bryant for Neff to call him. After an offer of $45,000.00 was rejected by Mrs. Neff, she indicated through her husband that she would accept $50,000.00 an acre for the property.

7. That after the offer of $50,000.00 was conveyed by Mr. Neff to Bryant, Bryant indicated that he "would have to make a few phone calls."

8. That there was no conversation concerning a commission during this phone call.

9. That the Neffs next received the contract which is at issue. They did not have any knowledge of the note dated May 9, 1986, until long after the contract had been signed and litigation had commenced.

10. That Mr. and Mrs. Neff and Mr. Bryant executed the contract at Bryant's office. No further discussion was had concerning the commission to be paid Mr. Bryant as agent. Mr. Neff believed that Mr. Bryant was acting as his agent in the sale of the property and that he would not have signed the contract had he known Bryant was buying the property for himself. The contract was signed by the Neffs on May 13, 1986.

11. That prior to signing the contract, Mr. and Mrs. Neff had an attorney review the contract.

12. That Mr. Bryant prepared the contract which is the subject of this action. In his words, he "structured the terms myself. I made a proposal by which I would buy the property."

13. That at the time, Mr. Bryant executed the contract as trustee, he was, in his own words, *"conceptually structuring"* (emphasis added) the acquisition for three entities, Emanuel Holdings, Inc., Eugenia Investments, Inc., and Dulles Realty, Inc., of which Mr. Bryant was sole stockholder and President.

As the Court observed in *Business Properties, Inc. v. Thomas*, 187 Va. 284, 289 (1948):

> It is no uncommon thing for one who desires a certain property to go to a real estate agent and inquire if he can get a price fixed upon it by the owner. This alone does not make the real estate agent the agent of the prospective purchaser if later the agent is able to list the property at an agreed price from the owner who pays the agent his full commission after the agent has made the sale to the customer.

In the instant case, other than Mr. Bryant, the only beneficiaries of the trust at the time the contract was signed other than Mr. Bryant were conjectured. Bryant could not be both agent and principal for himself.

While the Court in its prior letter opinion made reference to an agency for both buyer and seller, it did so in the context of the express language of the contract (the "parties recognize," etc.).

One might ask the question as to why the "disclaimer language" was inserted in the contract if Mr. Bryant contended the provisions of § 54.1-2103(5) are applicable in this case, assuming Mr. Bryant deemed disclosure was sufficient to make his "true position" known to the seller as required by the Virginia Real Estate Board Regulations. The Court need not address the interpretation of the regulations, as the evidence clearly indicates that he was agent for the seller. As such, he was required to make a full disclosure of his interest as purchaser. This he did not do.

Mr. Murtaugh shall draw a Final Decree incorporating this and the prior letter opinion of the Court. The Decree shall deny the Motion to Reconsider and grant the relief previously indicated.